A. LOUIS DORNY (SBN: 212054)
ldorny@grsm.com
PATRICK J. MULKERN (SBN: 307272)
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: 213-576-5000
Facsimile: 213-680-4470

Attorneys for Plaintiff
Nagravision S.A.R.L.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGRAVISION S.A.R.L., a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRILLER, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:23-cv-6802<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT;**<br>2) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Nagravision S.A.R.L. ("Nagravision" or "Plaintiff"), by and through the undersigned counsel, hereby bring this action and make the following allegations regarding breach of contract and breach of implied covenant of good faith and fair dealing against Defendant Triller, Inc. ("Defendant" or "Triller").

## NATURE OF THE ACTION

1. This action stems from Triller's decision to enter into a licensing agreement with Nagravision, and then refusing to pay even the initial licensing fee. Specifically, Nagravision contacted Triller about possible patent infringement in January 2022 and, by March 2022, the parties had negotiated and executed a

-1-
COMPLAINT

licensing agreement. Then, Triller went dark—never paying the initial fee, never responding to any of Nagravision's communications, and never acknowledging the subsequent periodic payment due or Nagravision's demands for interest.

## THE PARTIES

2. Plaintiff Nagravision S.A.R.L. is a Swiss corporation with its principal place of business in Cheseaux-sur-Lausanne, Switzerland.

3. On information and belief, Defendant Triller, Inc. is a Delaware corporation with its principal place of business in Los Angeles, CA.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between parties who are citizens of different states and the amount in controversy is greater than $75,000.

5. This Court has personal jurisdiction over Triller because Triller has continuous and systematic contacts within the Central District of California. Triller claims six offices worldwide, including its office in Los Angeles, CA, which Triller has identified in its registrations with California Secretary of State as its "Principal Address."

6. Venue is proper in this district and division under 28 U.S.C. § 1391 because Triller has a regular and established place of business in the Central District of California.

## FACTUAL BACKGROUND

**A.    Background of Kudelski Group & Plaintiff Nagravision**

7. The Kudelski Group was founded in 1951, focusing on portable recording devices for cinema, TV, and radio. It has since expanded into the digital television space. In 1989, for example, The Kudelski Group launched its first conditional access systems for pay TV and has continued to expand its technological innovations in the digital TV space. The Kudelski Group has also entered other industries through acquisitions of pioneering technology companies.

8. Plaintiff Nagravision is a division of The Kudelski Group and is itself a global leader in delivering secure, end-to-end digital media technologies. Nagravision works with the world's leading television operators to bring the next generation of pay-TV services to market, all the while ensuring content is protected.

9. Specifically, Nagravision's core business is content protection in a dynamic, connected, and multi-screen TV landscape—protecting its research and development investments with a robust patent portfolio comprising thousands of patents that represents years of innovation, investment, and effort. Nagravision supports and encourages further innovation by licensing its IP portfolio and enforcing its patent rights when necessary.

**B.    Background of Defendant Triller**

10. On information and belief, Defendant Triller is the owner and distributor of the "Triller App"—available online at www.triller.co, as well as on both iOS and Android platforms. On information and belief, the Triller App is similar to the popular TikTok app, providing users the ability to create and share short videos, allowing users to also easily add music to the video. On information and belief, the Triller App also permits users to "livestream" video to others.

**C.    License Agreement**

11. On January 6, 2022, Nagravision sent Triller a letter requesting a meeting to discuss Triller's potential need to license Nagravision's patent portfolio for the Triller App.

12. On January 21, 2022, representatives from Triller met with representatives from Nagravision to discuss Nagravision's business and patent portfolio, as well as specific patents potentially infringed by the Triller App.

13. Recognizing the need for authorization to use Nagravision's patents, Triller entered into a Patent License Agreement with Nagravision on March 22, 2022 ("the License Agreement").

14. In exchange for Nagravision's authorization to Triller to make, use, or

-3-
COMPLAINT

sell certain patents as part of the Triller App, the License Agreement provided for an Initial License Fee[1] to be paid by Triller "on or before April 30, 2022" (as laid out in Section 3.1(i)).

15. The License Agreement also required Triller to make four Annual License Fee payments "within fifteen (15) days of each anniversary" of the License Agreement (as laid out in Section 3.1(ii)).

16. The License Agreement also provided that, should Triller not make a required payment on time, that Nagravision would "be entitled to interest on the amount owing" at a particular rate (as laid out in Section 3.5).

**D.   Defendant Triller Refuses to Pay Fees Due Under License Agreement**

17. On information and belief, since signing the License Agreement in March 2022, Triller has expanded considerably—acquiring companies and enjoying a surge in use of its Triller App. Despite that growth, Triller has failed to make any of the required license payments due to Nagravision under the License Agreement.

18. First, Triller did not make the Initial License Fee payment that was due "on or before April 30, 2022." When contacted by Nagravision over the next twelve months, Triller never responded, never acknowledged the communications, and never paid. That is, despite Nagravision attempting to contact Triller on *seven* different occasions between May 2022 and April 2023, Triller refused to respond and refused to pay the Initial License Fee or the resulting interest also owed thereon.

19. Specifically, Nagravision sent Triller's CEO a letter on March 8, 2023 (with a copy sent again on March 27, 2023 to Triller's General Counsel), providing formal written notice of Triller's material breach of the License Agreement for its non-payment. Triller did not respond or in any way acknowledge receipt of either letter.

---

[1] The License Agreement is designated CONFIDENTIAL and so Nagravision does not disclose the specific amounts in this publically-filed document.

-4-
COMPLAINT

20. Second, Triller did not make the Annual License Fee payment that was due by April 6, 2023.

# FIRST CAUSE OF ACTION

## Breach of Contract

21. Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 to 20 of this complaint.

22. The License Agreement executed between Nagravision and Triller, with an effective date of March 22, 2022, is an enforceable contract.

23. By the terms of the License Agreement, Triller was required to pay Nagravision an Initial License Fee "on or before April 30, 2022"—or incur interest owed until such payment was made.

24. Triller has failed to pay the Initial License Fee as required by Section 3.1(i), or pay any interest for late payment of the Initial License Fee as required by Section 3.5, of the License Agreement.

25. By the terms of the License Agreement, Triller was required to pay Nagravision a first Annual License Fee "within fifteen (15) days of each anniversary of the Effective Date" (*i.e.*, April 6; within 15 days of March 22)—or incur interest owed until such payment was made.

26. Triller has not paid the first Annual License Fee as required by Section 3.1(ii), or any interest for late payment of that first Annual License Fee as required by Section 3.5, of the License Agreement.

27. Nagravision has performed all, or substantially all, of its obligations under the License Agreement or has otherwise been excused from performing such obligations.

28. Nagravision has been damaged by Triller's breach of the License Agreement in an amount to be proven at trial, but at least in the amount of (i) the Initial License Fee and interest thereon, plus (ii) the amount of the first Annual License Fee and interest thereon.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

29. Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 to 28 of this complaint.

30. Nagravision and Triller entered into a License Agreement with an effective date of March 22, 2022—in which Nagravision granted Triller a license to exploit certain patents in exchange for Triller's agreement to pay certain licensing fees—including an Initial License Fee and subsequent Annual License Fees.

31. Nagravision has performed all, or substantially all, of its obligations under the License Agreement or has otherwise been excused from performing such obligations.

32. Triller has unfairly interfered with Nagravision's right to receive the benefits of the License Agreement by, among other things, not making the Initial License Fee payment and not making the first Annual License Fee payment, and failing to pay any of the accrued interest as permitted by the License Agreement for late payment.

33. As a direct and proximate result of Triller's wrongful conduct, Nagravision has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nagravision prays for judgment in its favor against Defendant Triller as follows:

a) Judgment that Triller has breached the License Agreement, in particular Triller's payment obligations, as well as an award of damages adequate to compensate Nagravision for such breach of the License Agreement;

b) Judgment that Triller has breached the implied covenant of good faith and fair dealing, as well as an award of damages adequate to compensate Plaintiff Nagravision for such breach;

c) An award to Plaintiffs of pre- and post-judgment interests and costs;

1 and

2     d)    Such other and further relief as the Court deems just and proper.

3 **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Nagravision hereby demands a trial by jury on all issues so triable that are raised, or that may be raised, in this action.

Dated: August 18, 2023              GORDON REES SCULLY MANSUKHANI

By: /s *Louis Dorny*
     A. Louis Dorny
     Patrick J. Mulkern
     Attorneys for Plaintiff
     NAGRAVISION, S.A.R.L.